# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>KATHY PECK, <br><br>　　　　Defendant. | No. CR08-3013-MWB <br><br> **REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION TO SUPPRESS** |

_____

　　　　This matter is before the court on a Motion to Dismiss Indictment and Motion to Suppress filed by the defendant Kathy Peck on September 16, 2008. Doc. No. 78. On April 24, 2008, Peck and two codefendants were charged with conspiracy to distribute methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. § 846. *See* Doc. No. 4. Peck filed the current motion seeking dismissal of the Indictment on the basis that it violates her right against double jeopardy. She argues the conduct with which she is charged in this case is identical to conduct that formed the basis for a state charge to which she pled guilty on March 8, 2007. She bases her double jeopardy argument on an internal Department of Justice ("DOJ") policy, called the *Petitie* policy, that bars subsequent federal prosecution after a conviction or acquittal for the same conduct. *Cf. Petite v. United States*, 361 U.S. 529, 80 S. Ct. 450, 4 L. Ed. 2d 490 (1960), the case for which the DOJ policy is named. Alternatively, should the court not dismiss the indictment, she argues all evidence that formed the basis for the state charge should be suppressed.

　　　　Pursuant to the Trial Management Order, Doc. No. 13, pretrial motions were assigned to the undersigned for review and the filing of a recommended disposition. Accordingly, the undersigned held a hearing on Peck's motion on October 14, 2008. Peck was represented at the hearing by attorney James P. McGuire. Peck was not present at the

hearing; Mr. McGuire represented that she had waived her right to be present. The plaintiff (the "Government") was represented by Assistant U.S. Attorney John Lammers.

Despite Peck's claim in her motion that the present case involves conduct identical to the conduct for which she was convicted in state court, she failed to offer any evidence of that fact at the hearing, nor did she offer evidence on any other issue before the court. With no evidentiary record, the court is unable to reach the defendant's argument, and the motion could be denied solely on that basis.

However, even if Peck had offered evidence to show the present case arises from identical conduct to the state case, she could not prevail on her motion for at least two reasons. Firstly, the *Petite* policy "is a discretionary policy of the Department of Justice. It does not confer any substantive rights and its application cannot form the basis for a claim of improper prosecution." *United States v. Leathers*, 354 F.3d 955, 962 (8th Cir. 2004). Peck has cited no case in which any court has held otherwise. Secondly, Peck's state court conviction was for possession with intent to deliver methamphetamine, whereas the current charge is for conspiracy to distribute methamphetamine. Again, Peck has failed to cite any case in which a court had held the Government is precluded from including allegations of specific conduct, even previously-charged conduct, in a subsequent conspiracy charge. The elements of a conspiracy are different from the elements of the underlying charge, overcoming any double jeopardy argument. Therefore, Peck's motion should be denied on its merits.

For these reasons, IT IS RESPECTFULLY RECOMMENDED that Peck's motion to dismiss and to suppress be denied. Objections to this Report and Recommendation are due by **October 22, 2008**. Responses to objections are due by **October 24, 2008**.

**IMPORTANT NOTE:** Any party planning to lodge an objection to this Report and Recommendation must order a transcript of the hearing **no later than October 17, 2008**, **regardless of whether the party believes a transcript is necessary to argue the**

**objection**.  If an attorney files an objection without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 15th day of October, 2008.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT